UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| ALVIN LEE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00012-TRM-SKL |
| | ) | |
| GRUNDY COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This civil rights case is filed pro se and without prepayment of fees by Plaintiff Alvin Lee Johnson ("Plaintiff"). Plaintiff initiated this case by filing a complaint [Doc. 2] and a motion for leave to proceed *in forma pauperis* ("IFP") [Doc. 1].

On May 1, 2023, the undersigned entered an Order [Doc. 16], which described the Court's responsibility under 28 U.S.C. § 1915(e)(2) to screen actions filed by plaintiffs who seek IFP status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted). The Order outlined clear deficiencies in Plaintiff's original complaint and required Plaintiff to file an amended complaint by June 1, 2023. Plaintiff was instructed not to incorporate the original complaint or any other filing by reference, in accordance with Eastern District of Tennessee Local Rule 15.1. Plaintiff was specifically warned that any failure to state a claim in a timely amended complaint will result in dismissal of this action [Doc. 16].

The June 1 deadline has passed, and Plaintiff has not filed a proper amended complaint, nor has he requested an extension of time or made any other filings. Accordingly, I **RECOMMEND**[1] Plaintiff's case be **DISMISSED** in its entirety and this case be **CLOSED**. *See* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).